```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

THOMAS T. JOSEPH,

                Plaintiff,

    -against-

WESTCHESTER COUNTY DEPARTMENT
OF COMMUNITY MENTAL HEALTH;
WESTCHESTER COUNTY; THOMAS S.
POOVAPPALLIL,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2020
```

7:20-CV-0420 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, asserts claims under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act, the Family and Medical Leave Act, and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL"). He sues his former employer, the Westchester County Department of Community Mental Health ("DCMH"), the County of Westchester, and his former supervisor, Thomas S. Poovappallil. He has paid the relevant fees to commence this action, and he seeks damages and injunctive relief.

    The Court directs the Clerk of Court to issue summonses as to the County of Westchester and Poovappallil. For the reasons discussed below, however, the Court dismisses Plaintiff's claims against DCMH under Rule 21 of the Federal Rules of Civil Procedure. The Court also dismisses Plaintiff's claims under the NYSHRL and the NYCHRL, as well as his claims under Title VII against Poovappallil, without prejudice to Plaintiff's filing an amended complaint within 45 days of the date of this order.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter

jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.    DCMH**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

DCMH is an agency of the County of Westchester, which is itself a named defendant. Because DCMH is not a suable entity, the Court dismisses Plaintiff's claims against it under Rule 21.

**B.    Claims under the NYSHRL**

Under the NYSHRL, "a litigant who files a claim with the [New York State Division of Human Rights ("DHR")] cannot bring the same claim [under the NYSHRL] in federal court." *Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (summary

order); *see* N.Y. Exec. Law § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . ."); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002) ("[B]y the terms of [N.Y. Exec. Law § 297(9)], . . . NYHRL . . . claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court.").

Plaintiff has attached to his complaint in this action a copy of a June 30, 2019 Determination and Order after Investigation issued by DHR; it issued that determination following Plaintiff's filing of a discrimination complaint with that agency against the County of Westchester. (ECF 1, at 10-12.) Plaintiff's DHR complaint contained allegations about discrimination he allegedly experienced during his County employment, including his termination – the same allegations Plaintiff makes in the complaint that he has filed in this Court. In its determination, DHR found no probable cause to believe that the County unlawfully discriminated against Plaintiff. (*Id.*)

Because Plaintiff chose to use the administrative remedies available to him under the NYSHRL, this Court lacks subject-matter jurisdiction to consider his claims under that statute. *See* N.Y. Exec. Law § 297(9); Fed. Civ. P. 12(h)(3); *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("When a Plaintiff has filed a complaint with []DHR regarding alleged discrimination, he is thereafter barred from commencing an action in court regarding that discrimination . . . . When [DHR] has issued a finding of no probable cause . . . [the] plaintiff's claims . . . are barred by the law['s] election of remedies provisions because []he has already litigated the claims before [DHR]. The bar is jurisdictional, and the claims must be dismissed pursuant to" Fed. R. Civ. P. 12(b)(1).) (internal quotation marks and citations omitted,

fourth alteration in original). The Court therefore dismisses Plaintiff's claims under the NYSHRL.

**C.      Claims under the NYCHRL**

The NYCHRL does not apply to discriminatory acts that occurred outside of New York City. *Hardwick v. Auriemma*, 116 A.D. 3d 465, 466 (1st Dep't 2014); *Shah v. Wilco Sys, Inc.*, 27 A.D. 3d 169, 175 (1st Dep't 2005); *see also Hoffman v. Parade Publ'ns*, 15 N.Y. 3d 285, 291 (2010) (The NYCHRL's "impact requirement is relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the NYCHRL to those who are meant to be protected – those who work in the city."). Plaintiff, a Westchester County resident, alleges that the discriminatory conduct occurred at DCMH, a Westchester County agency, in Westchester County, outside of New York City. The Court therefore dismisses Plaintiff's claims under the NYCHRL.

**D.      Claims under Title VII against Poovappallil**

The Court must also dismiss Plaintiff's claims under Title VII against Poovappallil. "Title VII does not impose liability on individuals. . . ." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). The Court therefore dismisses those claims against Poovappallil.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Westchester County Department of Community Mental Health under Rule 21 of the Federal Rules of Civil Procedure.

The Court dismisses Plaintiff's claims under the NYSHRL and the NYCHRL, as well as his claims under Title VII against Poovappallil, without prejudice to Plaintiff's filing an amended complaint within 45 days of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss Plaintiff's claims under the NYCHRL, and his

claims under Title VII against Poovappallil, for failure to state a claim on which relief may be granted, as well as his claims under the NYSHRL for lack of subject-matter jurisdiction.

The Court also directs the Clerk of Court to issue summonses as to the County of Westchester and Poovappallil. The Court directs Plaintiff to serve the summonses and the complaint on the County of Westchester and Poovappallil within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served those defendants or requested an extension of time to do so, the Court may dismiss the remaining claims against those defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 19, 2020
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all Court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

Name (Last, First, MI)

Address        City        State        Zip Code

Telephone Number        E-mail Address

Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

**United States District Court**
**Southern District of New York**
Temporary_Pro_Se_Filing@nysd.uscourts.gov.

# INSTRUCTIONS: EMAIL PRO SE FILINGS

## How do I email documents to the Clerk's Office for filing?

- SIGN. You must sign your document by either signing the document before you scan it or typing "/s/ [Your Name]." The Court will accept typed signatures in this format.

- CONTACT INFORMATION. The document must include your name, address, telephone number and email address (if available).

- SUBJECT LINE. For existing cases, the subject line of the email must read, "Pro Se Filing – XX-CV-XXXX." For new cases, the subject line of the email must read, "Pro Se Filing – New Case."

- EMAIL the PDF document to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

## Can I start a new case by email?

- **YES.** To start a new case, you may email your complaint to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

- In addition to emailing your complaint, you must either (1) email an application requesting that the fee be waived, available at https://nysd.uscourts.gov/node/838, or (2) pay the filing fee of $400. If you are paying the filing fee, add to the subject line, "Pro Se Filing – New Case – FEE PAID." Payment must be made within 21 days by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers-Room 120, 500 Pearl Street, New York, NY 10007. The check must include the case number, which you can learn by calling (212) 805-0175.

## Can I include any questions or information in my email?

- **NO.** You must only include the attached document(s) for filing. No one will read messages in the body of the email and no one will respond to any questions.

### Will someone respond to my email?

- **NO.** This email address cannot respond to inquiries. The Clerk's Office will download the email attachment. This is a NO-REPLY email address. But you may call (212) 805-0175 to confirm that your documents were received. Please wait at least one week before calling.

### Can I email the assigned judge instead?

- **NO.** Any submission emailed to any other court email address will be disregarded by the recipient.

### Can the Clerk's Office assist with scanning?

- **NO.** If you are unable to email your documents, you must submit them by mail to the Pro Se Intake Unit.

### Can someone email my documents for me?

- **YES.** But please include your email address, if available, in the document. The Court will only communicate with the email address listed on the filed documents, and only if you have consented to receive court documents by email.

### Can I receive court documents by email?

- **YES.** Complete and email a signed [consent to electronic service](#) form.

### Do I need to serve my adversary?

- **NO.** After the document is emailed to the Court and electronically filed, your adversary will receive electronic notification of the filing.

**United States District Court**
**Southern District of New York**

# INSTRUCTIONS: HOW TO CREATE PDF DOCUMENTS AND EMAIL THEM TO THE CLERK'S OFFICE FOR FILING

Emailing your documents to the Clerk's Office for filing will allow you to file from home, without the need to go to a post office, mailbox, or to the courthouse. Anyone with a cell phone can create a PDF (PDF stands for portable document format) and email it.

## Step 1: Sign your document

Your document must be signed before you email it. If you are scanning your document, make sure you sign it before you scan it.

If you are using a computer to convert to PDF, you can use a digital signature, if you know how. If you don't know how to do that, you can write "/s/[Your Name]" where you would normally sign the document.

## Step 2: Convert your document to PDF

Only PDFs can be docketed on the electronic case filing system. If you have a computer, it will be easy for you to create PDFs and email them to the Clerk's Office.

### If you have a computer:

If you have a computer, follow these steps. If you don't have a computer, see the instructions on the next page on using your cellphone as a scanner.

**I have a document that I created with a word processor. How do I turn it into a PDF?**

If you created your document with any type of word-processing program, including a cloud-based one like Google Docs, you can turn it into a PDF. There are usually two ways to do this.

1. **Click File and select Print.** In the Print menu, click the drop-down menu next to Destination or Printer, and choose PDF. You'll be prompted to select a location on your computer to save the file. Click Save.

2. **Click File and select Save or Save As.** Click the drop-down menu and select PDF. You might even have an option for Save as PDF. Choose a location on your computer (or in the cloud) to save your document.

**I created a PDF using a fillable form. Do I need to take any more steps before I email it?**

Yes. If you used a fillable form, such as one of the court's complaint forms, you must "flatten" it before you submit it for filing. This prevents anyone else from changing your form. To flatten it, follow these steps:

1. After you have finished filling in the PDF form, select File and Print.

2. Select the PDF printer and select OK. (The Adobe PDF printer is installed automatically with Adobe Acrobat. Numerous free PDF printer drivers are available for download from the Internet.)

3. Choose the location on your computer (or in the cloud) to save the "flattened" version of the form and save it.

## If you don't have a computer but you do have a cellphone:

If you don't have a computer, but you do have a cellphone or access to a scanner, you can scan your handwritten or typewritten document and email it to the court. Many cellphones have scanning apps built in, and there are a number of apps that are available for download. Some of these are: Adobe Scan, Google Drive Scanner, Jotnot, ScanBot, Tiny Scanner, Genius Scan, Microsoft Office Lens, and Evernote.

To use any scanning app, find a flat, well-lit surface and smooth your documents out so that you can take the best scans of them. A table is good, the floor works — but a white counter may not work (scanning apps need contrast between the paper and the background). Try to avoid shadows and don't include any other objects in the scans.

Whatever scanning app you use, it will have an option to share the document. The icon for sharing the document will probably look like one of the below:

   

Choose the option to share by email, and then follow the instructions below.

**The Clerk's Office cannot assist you with scanning.**

You should be able to find instructions on the internet for whatever scanning app you choose to use.

If you are unable to scan and email your documents, you may still submit them by mail to the Pro Se Intake Unit.

## Are there any limits on the documents I can send?

- You may attach multiple PDFs, but no single PDF document may be larger than 10.0 megabytes.

- Please note that if you are filing a new action, your complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

- In addition, please make sure to follow the requirements of Federal Rule of Civil Procedure 5.2.

## Step 3: Email your document

- Using any email program, email your PDF document to Temporary_Pro_Se_Filing@nysd.uscourts.gov; filings emailed to any other court email address will be disregarded by the Clerk's Office.

- Documents to be filed must be either signed by hand and scanned, or signed electronically using a digital signature or by typing: "s/Filer's Name."

- The body of the email must contain the filer's name, address, and telephone number.

- The attached documents must contain the filer's name, address, telephone number, and email address (unless someone other than the filer is sending the email).

- A document submitted for filing by email does not have to be delivered to the court in hard copy form unless a judge orders otherwise.

### For existing cases

- For existing cases, the subject line of the email must read "PRO SE FILING – [include the case number, for example, 20-cv-12345]."

### For new cases

- For new cases, the subject line of the email must read "PRO SE FILING – NEW CASE."

- For new cases, include either:

    1. a signed application to proceed without prepayment of fees, available on the court's website at https://nysd.uscourts.gov/node/838, or

    2. a notation in the subject line of the email that payment will be sent separately by mail. The filing fee is $400. Payment must be made within 21 days by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers-Room 120, 500 Pearl Street, New York, NY 10007. The check must include the case number, which you can learn by calling (212) 805-0175.

### For all cases

Other than the filer's name, address, phone number, and email address, no additional comments, questions, or other messages may be included in the email. The Clerk's Office will disregard any additional comments in the email. You may call the Pro Se Intake Unit at (212) 805-0175 to confirm receipt of your document but please wait at least one week before calling.

### Sign up to receive electronic notice of case filings

If you have an email address, you can sign up to receive electronic notice of filings in your case. You will learn about activity in your case much more quickly this way. The consent form is here https://nysd.uscourts.gov/node/845.

You may also make a motion for permission to participate in electronic case filing (ECF). In addition to being able to receive documents by email, you will be able to file documents directly on the ECF system. The motion form is here: https://nysd.uscourts.gov/node/844.