UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS T. JOSEPH,

                        Plaintiff,

  -against-

WESTCHESTER COUNTY; THOMAS S. POOVAPPALLIL,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2021

No. 20-cv-420 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

      The Court is in receipt of a letter dated December 9, 2020, from nonincarcerated *pro se* Plaintiff Thomas T. Joseph ("Plaintiff") seeking additional information with respect to "what should be done from my part so that we could bring closure to the legal proceedings." (ECF No. 9.) Though unclear, it appears as if Plaintiff is seeking additional information as to what steps he needs to take to advance the litigation, and not what steps he would need to take in order to terminate the litigation. Plaintiff has paid his filing fee in this matter and is not entitled to have the U.S. Marshalls serve his summonses and complaint.

      In the Court's Order of Service, dated May 19, 2020 (ECF No. 7), the Court: (1) dismissed all claims against Defendant Westchester County Department of Community Mental Health ("DCMH") because the DCMH is not a suable entity; (2) dismissed Plaintiff's claims under the New York State Human Rights Laws ("NYSHRL") because the Court lacks subject-matter jurisdiction to consider claims under NYSHRL; (3) dismissed Plaintiff's claims under the New York City Human Rights Laws ("NYCHRL") because the NYCHRL does not apply to discriminatory acts that occurred outside of New York City; and (4) dismissed Plaintiff's claims under Title VII against Defendant Poovappallil because Title VII does not imposed individual

liability. Accordingly, Plaintiff's remaining claims are: (A) Title VII as against Westchester County; (B) Americans with Disabilities Act of 1990 as against Westchester County and Defendant Poovappallil; and (3) Family and Medical Leave Act of 1993 as against Westchester County and Defendant Poovappallil.

The Court instructed Plaintiff that certain claims were dismissed **without prejudice**. This meant that Plaintiff was permitted to attempt to revise his complaint to state allegations in a manner that avoids the legal issues that the Court detailed with more specificity in the May 19, 2020 Order. The Court further ordered that Plaintiff had 45 days from the date of this order to file an amended complaint. 45 days have elapsed, and Plaintiff has not filed an amended complaint.

In the May 19, 2020 Order, the Court also directed Plaintiff to serve summonses upon the Defendants in this action within 90 days of the issuance of the summonses, and that failure to furnish service, or to seek an extension of time to do so, may result in the dismissal of Plaintiff's remaining claims. 90 days has elapsed since summonses were issued on May 22, 2020, and Plaintiff has not filed any proof of service indicating that he has attempted to service upon the Defendants.

On May 22, 2020, an information package was mailed to Plaintiff providing him with directions as to how to perform basic functions of a litigant, including directions on how to accomplish service. Specifically, the instructions explain that, "If you did not file an IFP application . . . **you will either have to obtain a waiver of service from each defendant, or you will have to serve each defendant**." (ECF No. 8 at 3 (emphasis added).) Plaintiff was also advised that service and waiver are described in Rule 4 of the Federal Rules of Civil Procedure.

In light of Plaintiff's *pro se* status, and because his letter indicates that he did not carefully consult or understand the Court's previous Order of Service, the Court will give Plaintiff another chance to accomplish the directives of the Order of Service.

*First*, if Plaintiff intends to amend his complaint, he is directed to file an amended complaint **within 45 days of the date of this Order**. If Plaintiff fails to file an amended complaint within the time allowed, the Court will dismiss Plaintiff's claims under NYCHRL, and his claims under Title VII against Poovappallil, for failure to state a claim on which relief may be granted, as well as his claims under the NYSHRL for lack of subject-matter jurisdiction.

*Second*, Plaintiff is directed to serve the summonses on Defendants (or obtain waivers of service from the Defendants) **within 90 days of the issuance of summonses**, and to comply with Rule 4 of the Federal Rules of Civil Procedure, including by way of filing proof of service with the Court. Before seeking further clarification from this Court on "what should be done from [Plaintiff's] part," Plaintiff is directed to carefully consult:

> **(1) the Court's May 19, 2020 Order (ECF No. 7);**
>
> **(2) Rule 4 of the Federal Rules of Civil Procedure;**
>
> **(3) the information package sent to him on May 22, 2020 (ECF No. 8); and**
>
> **(4) information available at https://www.nysd.uscourts.gov/prose-faqs (unless Plaintiff lacks internet access).**

These sources of information will provide Plaintiff with all the information he needs to appropriately attempt service and otherwise comply with this Court's directions.

The Court certified under 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellate demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to reissue summonses as to the County of Westchester and Poovappallil. The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff together with copies of ECF Nos. 7 and 8, and note service on the docket.

Dated:    January 4, 2021                                                    SO ORDERED:
           White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge