UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2022
```

THOMAS T. JOSEPH,

           Plaintiff,

-against-

WESTCHESTER COUNTY; THOMAS S. POOVAPPALLIL,

           Defendants.

No. 20-cv-420 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

    The Court is in receipt of the submission from *pro se* plaintiff Thomas T. Joseph ("Joseph") on February 17, 2021 of what appears to be Joseph's Second Amended Complaint. (ECF No. 18.) This submission consists of: (1) a letter to the Court dated February 11, 2021; (2) a form identifying the names of the parties in this action and the causes of action being asserted, but without any factual assertions; and (3) a copy of this Court's Order dated January 29, 2021 (ECF No. 13). (*Id.*) The Second Amended Complaint does not contain factual allegations supporting any of the causes of action that Plaintiff intends to assert. Notably, this Second Amended Complaint is very similar to Joseph's First Amended Complaint filed on January 28, 2021 (ECF No. 12) which was rejected by the Court because of Joseph's failure to follow the Court's directions (ECF No. 13).

    The Court is also in receipt of a submission from Joseph dated January 14, 2022 which contains: (1) a letter to the Court dated January 14, 2022; (2) a letter from the Office of Commission of Operations & Municipal Assistance to a Human Resource Specialist in the Westchester County Department of Human Resource dated April 5, 2016; (3) a copy of an application for examination/employment of Thomas S. Poovappallil dated January 22, 2016; (4) a letter from Commissioner Arlene Gonzalez-Sanchez from the State of New York Inter-Office

Coordinating Council to the Deputy County Executive of the County of Westchester Department of Human Resources dated January 30, 2018; and (5) a copy of an application for examination/employment of Michael M. Orth dated August 3, 2017.  (ECF No. 20.)  Although it is unclear, Joseph's submission appears to be an attempt to supplement his Second Amended Complaint.  As explained below, Plaintiff's Second Amended Complaint and his supplemental submissions are improper.

Joseph continues to struggle to follow the directions of the Court.  As noted in the Court's Order dated January 29, 2021 (ECF No. 13), Joseph has failed to follow directions on multiple occasions.  Joseph's Second Amended Complaint suffers from the same defects as his First Amended Complaint as outlined by the Court in its January 29, 2021 Order.  (*Id.*)

Appreciating Joseph's status as a *pro se* litigant (that is, a litigant not represented by an attorney), the Court will attempt once more to explain to him what he needs to do if he intends to proceed with this litigation.

*First*, Joseph must file a **single document** (called a complaint) that contains a statement of all the basic facts that he believes supports his claim.  Joseph's initial complaint contained factual allegations that supported some of his claims, but his First Amended Complaint did not.  Joseph's First Amended Complaint led the Court to conclude that Joseph mistakenly believed that he could rely upon this Court to consider both his initial Complaint and his Amended Complaint as a combined statement of his allegations.  Joseph's Second Amended Complaint suffers from the same problems.  His Second Amended Complaint appears to be a combination of documents, including the Court's prior Order.  This is wrong.  The Court reminds Joseph that whenever a plaintiff files a newly amended complaint, that document, and **that document alone**, becomes the only complaint that the Court will consider and to which the Defendants must respond.  Joseph

should think of it this way: whenever he files an amended complaint, the previous complaint is replaced. If Joseph wishes to proceed with this litigation, he is directed to file **one single document** containing statements of all facts that Joseph himself believes to support his claims in this case. The Court also notes for Joseph that filing a separate letter to the Court may not serve as a supplemental filing to an amended complaint.

*Second*, even though *pro se* complaints are held to a less demanding standard than formal pleadings filed by attorneys, Joseph still must attempt to describe the events that occurred leading to his termination with enough detail to support the claims he asserts against Defendants. In the Second Amended Complaint, Joseph merely states that his job termination was initiated by Defendant Thomas S. Poovappallil ("Poovappallil"), that Joseph and Poovappallil belonged to the same community, and that Poovappallil got jealous of Joseph's salary increase and as a result looked for ways to terminate Joseph. (ECF No. 18 at 1.) This does not contain detailed information of the events that occurred leading to Joseph's termination. The Court once again asks Joseph to carefully review the Court's Order of Service dated May 19, 2020 (ECF No. 7). The Order describes in detail why certain claims are not supported by the allegations contained in his Complaint. If Joseph files a third amended complaint that repeats the same allegations as the initial complaint, and says nothing more, then the Court will once again dismiss those claims.

*Third*, given Joseph's repeated failures to submit documents that follow the directions of this Court, Joseph is reminded that he can contact the Pro Se Intake Unit for information regarding the procedures of the Court by calling 212-805-0175 between the hours of 8:30am and 5:00pm, Monday through Friday. Among other things, the Pro Se Intake Unit may be able to explain to him the proper procedure for seeking approval to proceed *in forma pauperis* or the appointment of *pro bono* counsel.

Despite Joseph's repeated inability to follow the directions of this Court, he is granted one **final** chance to attempt to file a complaint. **Joseph is directed to file a Third Amended Complaint that conforms to the instructions of this Order on or before March 14, 2022**. If Joseph fails to do so, it may result in dismissal of all of his claims insofar as the Third Amended Complaint contains no factual allegations.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff together with copies of ECF Nos. 7, 8, 10, and 13, and note service on the docket.

Dated: January 27, 2022
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge