UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS T. JOSEPH,

                        Plaintiff,

    -against-

WESTCHESTER COUNTY; THOMAS S.
POOVAPPALLIL,

                     Defendants.

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____    │
│ DATE FILED: _6/9/2022_____    │
└─────────────────────────────────┘
```

No. 20-cv-420 (NSR)
**ORDER**

NELSON S. ROMÁN, United States District Judge:

      The Court has reviewed *pro se* plaintiff Thomas T. Joseph ("Plaintiff")'s Third Amended Complaint filed on February 23, 2022. (ECF No. 22.) The Third Amended Complaint comes after many attempts by Plaintiff to follow the Court's direction to file a proper amended complaint. (*See* ECF Nos. 13, 21.)

      Plaintiff commenced this action on January 15, 2020. (ECF No. 1.) His initial complaint asserted claims under Title VII of the Civil rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the New York State and Human Rights Laws ("NYSHRL" & "NYCHRL") against Plaintiff's former employer the Westchester County Department of Community Mental Health, the County of Westchester, and his former supervisor Thomas S. Poovappallil ("Poovappallil"). (*Id.*) On May 19, 2020, this Court dismissed Plaintiff's claims against the Westchester County Department of Community Mental Health pursuant to Federal Rule of Civil Procedure 21 and dismissed without prejudice the NYSHRL and NYCHRL claims and the Title VII claims against Defendant Poovappallil. (ECF No. 7.) Plaintiff was granted leave to file an amended complaint. (*Id.*) On January 28, 2021, Plaintiff filed a First Amended Complaint, which consisted of (i) a form identifying the parties and causes of action

asserted in this action, (ii) this Court's January 4, 2021 Order, (iii) a letter from Plaintiff dated
January 8, 2020, and (iv) a letter from Plaintiff dated January 21, 2021. (ECF No. 12.) On January
29, 2021, this Court dismissed Plaintiff's First Amended Complaint because it lacked factual
allegations. (ECF No. 13.) This Court noted Plaintiff had repeatedly struggled to follow the
Court's direction and, with thorough directions, granted Plaintiff leave to file another amended
complaint. (*Id.*) On February 17, 2021, Plaintiff filed a submission that appears to be his Second
Amended Complaint, which consisted of (i) a letter to the Court dated February 11, 2021, (ii) a
form identifying the parties and causes of actions in this action, and (iii) a copy of the Court's
January 29, 2021 Order. (ECF No. 18.) On January 17, 2022, this Court noted Plaintiff's
continued struggles to follow the Court's direction and dismissed his Second Amended Complaint
as suffering from the same defects as the First Amended Complaint. (ECF No. 21.) Notably, this
Court provided a thorough explanation as to what Plaintiff needs to do to file another amended
complaint – specifying that "whenever a plaintiff files a newly amended complaint, that document,
and **that document alone**, becomes the only complaint that the Court will consider" and that
"whenever [a plaintiff] files an amended complaint, the previous complaint is replaced." (*Id.* at
2–3 (emphasis in original).) The Court also directed Plaintiff to contact the Pro Se Intake Unit for
any information needed and granted Plaintiff leave to file a Third Amended Complaint. (*Id.* at 3.)

Plaintiff's Third Amended Complaint, filed on February 23, 2022, appears to conform with
the Court's prior directives. Specifically, the Third Amended Complaint contains some factual
allegations. (*See* ECF No. 22 at 9.) However, Plaintiff's latest complaint also makes clear that he
does not wish to bring forth any federal causes of actions against Defendants. On the employment
discrimination complaint form contained in the Third Amended Complaint, Plaintiff not only
declined to check any of the federal causes of actions, he also wrote "N/A" next to the Federal

Claims section of the form.  (*See* ECF No. 22, at 3.)  Plaintiff thus has explicitly indicated that he is not asserting any federal causes of actions against Defendants, including claims under Title VII, 42 U.S.C. § 1981, Age Discrimination in Employment Act of 1967, Rehabilitation Act of 1973, ADA, and FMLA.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Subject matter jurisdiction is a threshold issue, and a court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999).  In fact, when a jurisdictional requirement "goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties . . . have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  Here, having considered the latest amended complaint, the Court finds that it lacks subject matter jurisdiction.  Although the Court is to construe a *pro se* complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), Plaintiff's *pro se* Third Amended Complaint contains Plaintiff's notation of "N/A" next to "Federal Claims" (ECF No. 22 at 3). "The abbreviation 'N/A' generally stands for 'not applicable'." *See Price v. J&H Marsh & McLennan, Inc.*, No. 2:03-CV-292, 2005 WL 2428758, at *7 (D. Vt. Sept. 30, 2005).  The only possible interpretation of the Third Amended Complaint is that there are no federal causes of actions being asserted, and therefore there are no federal questions being presented before the Court.  The Court also finds diversity jurisdiction does exist because *pro se* Plaintiff and Defendants are not citizens of different states.  Accordingly, this Court finds that it lacks subject matter jurisdiction as to this action.

For the foregoing reasons, this Court DISMISSES this action for lack of subject matter jurisdiction.  Plaintiff's action is dismissed without prejudice to recommence in state court.  The Clerk of the Court is respectfully directed to close this action and to mail a copy of this Order to *pro se* Plaintiff to his address listed on ECF and to show service on the docket.

Dated:    June 9, 2022                                   SO ORDERED:
          White Plains, New York

                                        NELSON S. ROMÁN
                                      United States District Judge